UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAU BLACKMER,<br><br>                                   Plaintiff,<br>vs.<br>SIX UNNAMED AGENTS OF THE U.S. DEP'T OF JUSTICE,<br>                                  Defendants. | Case No. 21cv566-MMA-LL<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION;**<br><br>[Doc. No. 10]<br><br>**VACATING JUDGMENT AND DISMISSING ACTION AS FRIVOLOUS** |

**I.    Procedural History**

On March 22, 2021, Plaintiff Paul Blackmer, currently housed at the New Hampshire State Prison for Men and proceeding *pro se*, filed a civil action. *See* Doc. No. 1. Because Plaintiff failed to file a Motion to Proceed *In Forma Pauperis* ("IFP") or pay the initial civil filing fee required by 28 U.S.C. § 1914(a), the Court dismissed this action on April 5, 2021. *See* Doc. No. 4 at 2-3. The Court granted Plaintiff forty-five (45) days leave to pay the civil filing fee or submit a motion to proceed IFP. *See id.*

1

On June 7, 2021, the Court found that Plaintiff had not paid the filing fee or filed a motion to proceed IFP. *See* Doc. No. 7. The Court therefore dismissed this action in its entirety and the Clerk of Court entered a final judgment of dismissal and closed the file. *See id*. at 2.

On June 16, 2021, Plaintiff filed a Motion for Reconsideration of the Court's June 7, 2021 Order. *See* Doc. No. 10. In this Motion, Plaintiff claims that he did file a motion to proceed IFP in a timely manner and the Court should not have dismissed the action. *See id.*

## II. Motion for Reconsideration

Plaintiff seeks relief from the Court's judgment on the grounds that he "completed with this District Court's Order completely" and the Court erred in dismissing this action. *Id.* at 1-2.

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Relief under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. Fed. R. Civ. P. 60(b).

Plaintiff claims that he submitted two filings on May 24, 2021 and May 25, 2021 which included a motion to proceed IFP. *See* Doc. No. 10 at 1. On May 25, 2021, Plaintiff attempted to file a "Motion for Declaratory Judgment" which was rejected by the Court because he had been informed that he must file a motion to proceed IFP or pay the initial civil filing fee to re-open the matter. *See* Doc. No. 6. Attached to this Motion is over four hundred (400) pages of documents. *See* Doc. No. 6-1. Contained in these documents is what appears to be Plaintiff's attempt to file a motion to proceed IFP. *See id.* at 22-32. This motion is dated and signed by Plaintiff on April 17, 2021. *See id.* at 24. Therefore, the Court finds this filing timely and in compliance with the Court's April

5, 2021. *Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (deeming notice of appeal to be "filed" when prisoner delivers it to prison authorities for forwarding to the district court); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) ("*Houston* mailbox rule applies to § 1983 suits filed by pro se prisoners.").

Accordingly, the Court **GRANTS** Plaintiff's Motion for Reconsideration and **VACATES** the judgment entered on June 7, 2021.

### III. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915(a), the Court may authorize a plaintiff to pursue a case without payment of the filing fee. Whether an affiant has satisfied § 1915(a) falls within "the reviewing court['s] . . . sound discretion." *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* And while "a prisoner's financial needs are not the same as those of a non-prisoner," and one "without funds [may] not be denied access to a federal court based on his poverty," *Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(4)).

Before the enactment of the Prison Litigation Reform Act ("PLRA") in 1996,

---

[1] For civil cases like this one, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $52 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The $52 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id.*

"indigent prisoners, like other indigent persons, could file a civil action without paying any filing fee." *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016) (citing 28 U.S.C. § 1915(a)(1)). The PLRA however, "placed several limitations on prisoner litigation in federal courts." *Id.* at 84. While his civil action or appeal may proceed upon submission of an affidavit that demonstrates an "unab[ility] to pay such fees or give security therefor," 28 U.S.C. § 1915(a); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999), a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce* 577 U.S. at 84, 85; *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor*, 281 F.3d at 847.

Thus, section 1915(a)(2) requires prisoners to submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, "the district court must make a series of factual findings regarding the prisoner's assets." *Taylor*, 281 F.3d at 847 n.2. It must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85–86.

In support of his Motion, Plaintiff has submitted a sworn declaration of assets. In addition, the required prison certificate authorized by an accounting official, as well as a copy of his Inmate Statement Report has been filed. *See* Doc. No. 6-1 at 22-32; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. But these

documents do *not* demonstrate he is "unable to pay" the $402 civil filing fee. *See* 28 U.S.C. § 1915(a). Instead, Plaintiff's submissions show he had an available balance of $2308.81 to his credit at the time of filing. *See* Doc. No. 6-1 at 25.

Thus, because Plaintiff is able pay the full $402 civil filing fee required to commence a civil action, the Court **DENIES** his Motion to Proceed IFP.

## IV. Sua Sponte Screening pursuant to 28 U.S.C. § 1915A

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is far from clear. Plaintiff claims that "employees of United Parcel Service" were "recruited" to "function as agents of government" in order to seize marijuana from his property "without needed warrant" in 1994. Doc. No. 1 at 1. As a result, Plaintiff claims that he "remains unconstitutionally imprisoned in the State of New Hampshire" since April 1, 1994. *Id.* Plaintiff also submitted exhibits in support of his Complaint in which he claims that "Kamala Harris is a felon" and "Joe Biden knows it."

Ex. 1, ECF No. 3 at 1.  He claims Kamala Harris is "stone guilty" because she knows California has "enabled" the State of New Hampshire to "unconstitutionally imprison" him.  *Id.* at 3.

The Court finds Plaintiff's entire Complaint is patently frivolous.  A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 25-26 (1992).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'"  *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

Here, the Court finds that Plaintiff's claims "rise to the level of the irrational or the wholly incredible," *Denton,* 504 U.S. at 33, and as such, his Complaint requires dismissal as frivolous and without leave to amend.  *See Lopez v. Smith* 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend.").

**IV.    Conclusion and Orders**

For the reasons discussed, the Court:

**(1)    GRANTS** Plaintiff's Motion for Reconsideration (Doc. No. 10) and **VACATES** the Court's June 7, 2021 judgment;

**(2)    DENIES** Plaintiff's Motion to Proceed IFP because it demonstrates he is able to pay the $402 filing fee in full;

**(3)    DISMISSES** Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915A and without leave to amend; and

**(4)** **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore, could not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of Court is directed to close the file.

**IT IS SO ORDERED**.

DATE: July 9, 2021

HON. MICHAEL M. ANELLO
United States District Judge